ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:07-CR-168-L |
| | § | |
| JUAN CRUZ PUERTA (5) | § | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

Juan Cruz Puerta, by consent, under authority of United States v. Dees, 125 F.3d 261 (5th Cir. 1997), has appeared before me pursuant to Fed. R. Crim.P. 11, and has entered a plea of guilty to the single-count Information. After cautioning and examining Juan Cruz Puerta under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted, and that Juan Cruz Puerta be adjudged guilty and have sentence imposed accordingly.

Date: December 18, 2007

UNITED STATES MAGISTRATE JUDGE

### NOTICE

Failure to file written objections to this Report and Recommendation within ten (10) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. §636(b)(1)(B).

ORIGINAL
P H/C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 18 2007
CLERK, U.S. DISTRICT COURT
By ND
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | CRIMINAL No. 3:05-CR-240-P |
| | § § | |
| CHERIE ANN WORD (05) | § | |

## UNITED STATES' U.S.S.G. 5K1.1
## MOTION FOR DOWNWARD DEPARTURE

The Government files this motion for downward departure pursuant to U.S.S.G. 5K1.1, based upon the defendant's substantial assistance to law enforcement and in support of the motion submits the following:

Word first met Saran in 1997 when she worked for a physician whose office was in the same building as Saran's father's office. Word began working for Saran in May of 2000. Word was a director of National Executive Management, Inc., a Saran business whose chief financial officer was Word's father-in-law, Stacy Fred Word. Word owned a portion of Collective Services Inc., Dalamar Services, Inc., and Precision Pharmacy Services, Inc. Word was also the president of Precision Pharmacy Services, Inc. and Quantum Infusion, Inc., and was a director of Texas Home Infusion, LLC. Word admitted the pharmacies were used in furtherance of the scheme Word acknowledges that Saran designed the scheme to avoid detection and spread the volume of purchases

United States Motion Downward Departure   Page - 1

throughout a number of his pharmacies to conceal the true nature of their criminal conduct.

Word admitted that Saran did not sell pharmaceutical products or fill prescriptions to prisons or correctional facilities. Word admitted Saran concocted a scheme to obtain nursing home sales invoices in order to alter and inflate his institutional sales as a precautionary measure should his pharmacies be audited. Saran sold a portion of the inventory to a nursing home to acquire the paperwork involved which he would later duplicate and use if audited. Word admitted the scheme sold product at a loss to obtain the documentation. Word helped others alter and inflate the alleged sales to nursing homes in an attempt to disguise the scheme. Word, Saran and others used the altered sales documentation when audited by the pharmaceutical manufacturers, wholesalers, and government licensing authorities.

Word began to cooperated with law enforcement when she was arrested. Word voluntarily proffered information. She freely incriminated herself and others that worked for Saran and that participated in the conspiracy. She provided valuable information, not known to the government, concerning Saran's illegal businesses. She identified other participants. The government was able to use Word's information in order to leverage convictions of co-conspirators Saran, Fred Word, David Kaiser, Les Davidoff and others. Word was very candid about her involvement.

The timeliness of Word's decision to cooperate with the government was

significant. The quantity of her information was substantial. The quality of the information was impressive. Word was truthful. Word made herself available for several interviews. She has always accepted responsibility for her actions and expressed remorse for her conduct. Word provided complete information during the interviews. Word's cooperation exceeded normal cooperation. She substantially assisted law enforcement in the investigation and prosecution of others. The defendant's assistance to law enforcement has been substantial within the meaning of U.S.S.G. 5K1.1.

The United States respectfully requests a four (4) level reduction.

It is respectfully requested that the government's motion for downward departure be granted.

RICHARD R. ROPER
UNITED STATES ATTORNEY

/s/ Bill
WILLIAM C. McMURREY
Assistant United States Attorney
Texas State Bar Number 13811100
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.4100

/s/ Chad S. Meacham
CHAD MEACHAM
Deputy Criminal Chief

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing motion was served on attorney for Defendant, via fax, on this the 17th day of December, 2007.

*Bill*
_____
WILLIAM C. McMURREY
Assistant United States Attorney

United States Motion Downward Departure   Page - 4